PEOPLE ex rel. HARLEM RIVER & P. C. R. CO. v. STATE BOARD OF TAX COM'RS (CITY OF NEW YORK, Intervener).    (Nos. 6560–6562.)

(Supreme Court, Appellate Division, First Department.    December 31, 1914.)

TAXATION (§ 117*)—FRANCHISE TAX—RAILROADS—CROSSING STREAMS.

Where a railroad company was given a special right to locate its road across highways and water courses by Laws 1866, c. 763, § 3, such right, conferring authority to cross navigable streams, was a special franchise, and subject to taxation as such, though the company owned in fee the land on which the abutments of a bridge rested, and also the bed of the river for a space wider than that covered by the span.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 214; Dec. Dig. § 117.*]

McLaughlin and Scott, JJ., dissenting.

Appeal from Special Term, New York County.

Three certiorari proceedings by the People, on relation of the Harlem River & Port Chester Railroad Company, to review certain special franchise assessments made by the State Board of Tax Commissioners, in which the City of New York intervened. From orders of the Special Term, reducing the assessments, relator appeals. Affirmed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Charles M. Sheafe, Jr., of New York City, for appellant.
Curtis A. Peters, of New York City, for respondents.

HOTCHKISS, J.    These are three certiorari proceedings to review certain special franchise assessments for the years 1909, 1910, and 1911. The only questions are those arising with respect to bridges over Bronx river and Hutchison river (Pelham Bay). The act under which relator was incorporated gave it the right to construct and maintain a railroad through the Bronx. This act not only created the corporation, and conferred upon it the right to be a railroad, but also by section 3 (chapter 763, Laws 1866) in terms gave it a special right to locate its railroad across highways and water courses. This latter right was a special franchise, within the decision in People ex rel. Met. St. Ry. Co. v. Tax Com'rs, 174 N. Y. 417, 67 N. E. 69, 63 L. R. A. 884, 105 Am. St. Rep. 674, because it conferred authority to cross navigable streams. It would seem to follow, therefore, that bridges spanning these streams are assessable in determining the amount of the relator's special franchise.

The appellant argues, however, that, because the undisputed evidence showed that the relator owned in fee land on which the abutments of the Bronx bridge rested, therefore there was no special franchise with regard to the bridge. I do not think any such result follows. The relator also claims that the Pelham Bridge is not assessable, because the relator had obtained from the state land commissioners a patent to the fee in the bed of the river, and that the bridge was wholly within the dimensions of the patented land. In fact, what-

ever the relator took by the patent was subject to the public rights in the river. But unquestionably the right to cross the river and to build a bridge for that purpose was secured through the special franchise contained in the charter. I think the decision in People ex rel. N. Y. C. & H. R. R. Co. v. Woodbury, 206 N. Y. 304, 99 N. E. 545, and People ex rel. Hudson & Manhattan R. R. Co. v. State Board of Tax Com'rs, 203 N. Y. 119, 96 N. E. 435, are distinguishable. In the former case it appeared that the abutments were built upon lands owned by the railroad, and it did not appear that the highway was crossed in pursuance of any special franchise, the court saying:

"The bridge is tangible property, and so far as appears from the record it is not immediately connected with any special franchise. It is not, in the language of the Tax Law, 'tangible property' * * * situated in, upon, under or above any street, highway, public place or public waters in connection with the special franchise."

The respondent appeals to the record in the case (People ex rel. N. Y. C. & H. R. R. Co. v. Woodbury) to show that as matter of fact there was evidence in that case that the crossing was by special franchise. I think, however, that we should follow the words of the opinion, and, if the Court of Appeals found nothing in the record, we cannot. In the Hudson & Manhattan Case the court held that the upper tunnels were not to be assessed, because they were built wholly within lands patented by the state, conferring a fee upon the corporation, so that they needed no special franchise to tunnel therethrough, but as to the lower tunnels the corporation had no title in fee to the bed of the river, and it had taken a special license from the local authorities to tunnel thereunder.

The orders should be affirmed, with costs.

LAUGHLIN and CLARKE, JJ., concur. McLAUGHLIN and SCOTT, JJ., dissent, on People ex rel. N. Y. C. & H. R. R. Co. v. Woodbury, 206 N. Y. 304, 99 N. E. 545.